# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 2:06-CR-20070-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| MICHAEL SHAWN ROSCOE (01) | MAGISTRATE JUDGE PEREZ-MONTES |

## RULING

Before the Court is a "Joint Motion Agreeing to Eligibility for First Step Act Sentence Reduction." [Doc. No. 95]. Pursuant to the motion, Defendant argues a sentence below the sentencing guideline range is appropriate in this matter. *Id.* at 2. The government makes no specific sentencing recommendation but asks that the Court "consider the sentencing factors set forth in 18 U.S.C. § 3553 in determining an appropriate reduction." *Id.* Both parties agree Defendant's supervised release should be reduced from ten to eight years. *Id.* at 4. For the reasons that follow, the Court GRANTS the motion and will reduce Defendant's term of imprisonment from 262 months to 180 months, effective December 1, 2020, and will reduce his term of supervised release to eight years.

On February 13, 2008, Roscoe pleaded guilty to one count of possession with intent to distribute over fifty grams of cocaine base. His statutory penalty was enhanced to twenty years to life under 21 U.S.C. § 851 due to a prior narcotics conviction. Roscoe was deemed a career offender under the sentencing guidelines, and his sentencing guideline range was 262-327 months incarceration. On June 13, 2008, the Court sentenced Roscoe to 262 months of imprisonment, to be followed by ten years of supervised release.

In determining the appropriate reduction to Defendant's sentence, the Court has considered the statutory sentencing range, the applicable sentencing guidelines range, the sentencing factors set forth in 18 U.S.C. § 3553(a), and pre- and post-sentencing conduct. *See e.g. United States v. Jackson*, 945 F.3d 315, 321-22 (5th Cir. 2019); *United States v. Williams*, 943 F.3d 841, 843-44 (8th Cir. 2019) (citing *Pepper v. U.S.*, 562 U.S. 476, 504 (2011)).[1] Roscoe was convicted of possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1). With the application of the 21 U.S.C. § 851 enhancement, his statutory sentencing range is ten years to life. Roscoe's sentencing guideline range remains 262 to 327 months incarceration.

Roscoe's offense conduct involved no violent behavior.[2] He timely accepted responsibility for his actions and entered a plea of guilty. While Roscoe does have several prior convictions in his criminal history, all occurred in his twenties and none involved violent behavior. He is now almost 53 years old. In the thirteen and a half years Roscoe has been in BOP custody, he has had only one disciplinary event.[3] While in BOP custody, Roscoe has completed a drug education course, many vocational and educational courses, and he is making satisfactory progress towards obtaining his GED. The Court highly encourages Roscoe to obtain his GED during his remaining time in BOP custody, as this will best prepare him to successfully reenter society.

---

[1] *See also* United States Sentencing Commission, Office of Education and Sentencing Practice, *FIRST STEP ACT*, p. 7, https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last visited January 29, 2020) ("[T]he courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing.").

[2] The offense conduct set forth in the Presentence Investigation Report states that, based upon a confidential informant's tip, law enforcement officers executed a search warrant at Roscoe's apartment and found 125.46 grams of cocaine base and $6,059.00 in cash. There is no suggestion of violence, and no weapons were found.

[3] This is a commendable achievement in this Court's opinion, having handled dozens of First Step Act motions.

After consideration of the § 3553(a) factors, including the history and characteristics of Mr. Roscoe, the need to afford adequate deterrence to criminal conduct and to promote respect for the law, and Congress's intent in passage of the First Step Act, the Court determines that a reduction of Defendant's sentence of imprisonment to 180 months, effective December 1, 2020, is sufficient but not greater than necessary to comply with the purposes of sentencing. Such a sentence is a substantial prison term, commensurate with the crime Roscoe committed. In this Court's opinion, a greater sentence is not necessary to prevent unwarranted departures. For the same reasons, the Court will reduce the term of supervised release to eight years. Accordingly,

IT IS HEREBY ORDERED that the Joint Motion Agreeing to Eligibility for a First Step Act Sentence Reduction [Doc. No. 95] is GRANTED, and the Court will issue an amended judgment reducing Roscoe's term of incarceration to 180 months, effective December 1, 2020, and reducing his term of supervised release to eight years. The Court additionally RECOMMENDS that the Bureau of Prisons place Defendant in a Residential Reentry Center for the maximum portion of his final months of imprisonment as BOP deems appropriate, in order to afford Roscoe "a reasonable opportunity to adjust to and prepare for [his] reentry . . . into the community." 18 U.S.C. § 3624(c)(1). Except as modified in this paragraph, all other provisions of the Judgment imposed on June 13, 2008 [Doc. No. 64] REMAIN in effect.

SIGNED this 4th day of March, 2020.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE